**In re Clarence R. BOYER a/k/a Clarence R. Boyer, Sr., and Clarence R. Boyer, Jr., d/b/a Boyer Farms, Debtors.**

**In re Clarence R. BOYER, Jr., Debtor.**

**In re Clarence R. BOYER a/k/a Clarence R. Boyer, Sr., and Martha A. Boyer, Debtors.**

**Clarence R. BOYER, Sr., Debtor in Possession, Plaintiff,**

**v.**

**Charles S. BERNSTEIN, in His Capacity as Counsel for the Unsecured Creditors Committee, and Ralph Tiller, Willis Fuller, Jr., T.D. Carter, E.M. Willard, William C. Geraty, Dale Starnes, Scott Butler, H. Exo Hilton, Claron A. Robertson, III, Henry A. Minshew, and Harry V. Herrington, Jr., in Their Capacity as Members of the Unsecured Creditors Committee, Defendants.**

**Bankruptcy Nos. 82–00783 to 82–00785. Adv. No. 88–0119.**

United States Bankruptcy Court, D. South Carolina.

Aug. 15, 1988.

Noel M. Seeburg, Jr., Harvey & Battey, P.A., Beaufort, S.C., for plaintiff.

Charles S. Bernstein, Bernstein & Freeman, Charleston, S.C., for defendant Bernstein.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

In this adversary proceeding Clarence R. Boyer, Sr., the debtor in possession, seeks

---

a declaratory judgment determining the date from which interest on allowed unsecured claims should accrue and the proper rate of interest applicable to such claims.

## FACTS

The facts have been stipulated by counsel.

The debtors filed petitions for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on May 14, 1982, and orders for relief were thereupon entered. This court has jurisdiction pursuant to 11 U.S.C. § 105, 28 U.S.C. § 157(b)(2)(A) and (O) and 28 U.S.C. § 2201 *et seq.*

On June 5, 1986, the court entered an order confirming the chapter 11 plan of reorganization. Subsequently, the assets of the debtors were substantially liquidated affording the full satisfaction of the allowed secured claims, with interest thereon, and a substantial dividend for unsecured creditors. Counsel informed the court that approximately $648,000. were in the hands of the Real Estate Sales Committee and that sufficient assets are on hand or in prospect to satisfy in full the allowed unsecured claims.

## ISSUES

The issue presented for decision by the court, given the financial status of the debtors' estates, is the rate of the post-petition interest to be allowed on the unsecured claims.

## DISCUSSION

█ It was conceded by counsel that if the debtors prove solvent, general creditors have the right to post-petition interest before any surplus reverts to the debtor. That result is mandated by 11 U.S.C. § 1129(a)(7), which requires that creditors receive at least as much under a chapter 11 plan as they would receive under a chapter 7 liquidation. Because unsecured creditors would receive full payment if this were a chapter 7 case, they are entitled to full payment and interest if full payment in the chapter 11 case is not made as of the effective date of the plan. *Roberts v. Petroleum World, Inc. (In re Roberts),* C.A.

No. 87–2705–15, Slip. Op. at p. 3 (D.S.C., March 21, 1988). *See, In re Shaffer furniture Co.,* 68 B.R. 827, 15 C.B.C.2d 1412 (Bankr.E.D.Pa.1987).

█ In a chapter 7 case if there are assets remaining after payment of all allowed claims, 11 U.S.C. § 726(a)(5) provides for the payment of interest at the legal rate to creditors whose unsecured claims were paid. The legal rate is to be determined in accordance with South Carolina statutory law found in S.C.Code § 34–31–20 (1976); *Debenture Holders Protective Committee of Continental Inv. Corp. v. Continental Investment Corp.,* 679 F.2d 264 (1st Cir.1982), *cert. denied* 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982). The allowed claims of judgment creditors are to be paid interest at the rate of 14% per annum. S.C.Code § 34–31–20(B) (1976); 11 U.S.C. § 506(b); 11 U.S.C. § 1129(a)(7). The allowed claims of unsecured creditors are to be paid at 8¾% per annum. S.C.Code § 34–31–20(A) (1976); 11 U.S.C. § 726(a)(5); 11 U.S.C. 1129(a)(7); *In re Shaffer, supra.*

Nothing in this order should be construed as modifying final orders heretofore entered in these cases, including, without limiting the generality of the foregoing, the orders of the court entered in the disputed claims of Hatcher & Holland (entered January 28, 1988), Kiawah Seed Association (entered April 15, 1988), and Coastal Production Credit Association (entered February 5, 1988).

## CONCLUSION

Accordingly, the court is of the opinion that interest accrues and should be applied to the allowed unsecured claims from the date of the filing of the petitions for relief until final payment thereof at the rate of 14% per annum on the allowed judgment creditors' claims, and at the rate of 8¾% per annum on the other allowed unsecured creditors' claims.

## ORDER

AND IT IS SO ORDERED.