In re **A & L PROPERTIES**, Debtor.

**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, Appellant,**

v.

**Richard A. MONEYMAKER, et al., Appellees.**

No. CV 88–04832 SVW.
Bankruptcy No. LA 84–05509 SB.

United States District Court,
C.D. California.

Dec. 23, 1988.

John A. Graham, Lesley Anne Hawes, Frandzel & Share, Los Angeles, Cal., for appellant Federal Savings & Loan Ins. Corp. as receiver for Guaranty Savings & Loan Assn.

William H. Brownstein, Studio City, Cal., C. Richard Dodson, Long Beach, Cal., Richard A. Hernandez, Encino, Cal., for appellee A & L Properties.

Harris L. Cohen, Moneymaker & Kelly, Los Angeles, Cal., for Richard A. Moneymaker, Chap. 7 Trustee.

## MEMORANDUM OPINION AND ORDER

WILSON, District Judge.

Appellant, Federal Savings and Loan Insurance Corporation (FSLIC) appeals the order of the Bankruptcy Court dismissing the Chapter 7 proceedings commenced by A & L Properties. In that Order, pursuant to 11 U.S.C. § 726(a)(5), the Bankruptcy Court awarded FSLIC interest on its claim at the federal post-judgment rate set forth in 28 U.S.C. § 1961. FSLIC appeals the determination of the interest rate and contends that it should be awarded interest at the rate set forth in the note on which its claim is based, namely fifteen percent.

Before addressing the interest rate issue, the Court must consider FSLIC's motion to strike part of Appellee's brief on appeal and the accompanying declaration of Patricia Levoy. The debtor argues in its reply brief that FSLIC should not be entitled to any judgment on its claim because such a judgment would be prohibited by California antideficiency laws. FSLIC has moved to strike this argument on the grounds that the debtor failed to file a cross-appeal and that therefore, the debtor's argument is not properly before this Court.

The general rule regarding when an appellate court can consider issues in the

absence of a cross-appeal was stated by the Supreme Court in *United States v. American Railway Express Co.*, 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087 (1924).

> It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross appeal, urge in support of a decree any matter appearing in the record although his argument may involve an attack upon the reasoning of the lower court, or an insistence upon matter overlooked or ignored by it.

*Id.* at 435, 44 S.Ct. at 564. *See also United States v. One 1964 MG, etc.*, 584 F.2d 889, 890 (9th Cir.1978). Here, the debtor seeks to lessen FSLIC's rights by claiming that FSLIC is not entitled to be paid on its claim. Since no cross appeal has been brought, the debtor's argument may not be considered by this Court and FSLIC's motion to strike must be granted.[1]

FSLIC's right to interest stems from 11 U.S.C. § 726(a)(5). That section states in pertinent part:

> Except as provided in section 510 of this title, property of the estate shall be distributed—
>
> .    .    .    .    .
>
> (5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection.

The sole issue on this appeal is the meaning of the terms "legal rate" when the claim is based upon a contract which provides for a rate of interest and when the debtor's estate is solvent. The Bankruptcy Court's interpretation of the meaning of the term "legal rate" in Section 726(a)(5) is a question of law that this Court reviews de novo. *In re Wegner*, 839 F.2d 533, 536 (9th Cir.1988).

There appears to be no case authority directly addressing the issue in this appeal. Nor is there anything probative in the legislative history. Nonetheless, the leading commentators on bankruptcy law conclude that where, as here, the bankruptcy estate is solvent, a contract creditor should be entitled to post-petition interest at the note rate pursuant to Section 726(a)(5). *See* 4 *Collier on Bankruptcy* ¶ 726.02[5] (15th ed. 1987) ("section 726(a)(5) of the Code does not change prior law."); 3A *Collier on Bankruptcy* ¶ 63.16, at 1860–61 (14th ed. 1975) (under prior law, interest is payable at the rate contracted for up to the day of payment where the estate is solvent and the assets are sufficient); Fortgang & King, *The 1978 Bankruptcy Code: Some Wrong Policy Decisions*, 56 N.Y.U.L.Rev. 1148, 1151–53 (1981) (Under Section 726(a)(5), "[w]ith respect to creditors who had bargained for a rate of interest, ... the bargained-for rate would apply." *Id.* at 1153). *See also Debentureholders Protective Comm. of Contintental Investment Corp. v. Continental Investment Corp.*, 679 F.2d 264, 269 (1st Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982) (contractual provision for interest on unpaid installments of interest applies post-petition where estate is solvent).

As set forth in the article by Mr. Fortgang and Professor King, policy considerations dictate that where a debtor has contracted for a rate of interest, and has

---

1. The debtor argues that an exception to the general rule allows the appellate court to consider arguments which involve matters closely related to the subject of the appeal even in the absence of a cross appeal. Debtor cites *United R. & Elec. Co. v. West*, 280 U.S. 234, 50 S.Ct. 123, 74 L.Ed. 390 (1930) to support this proposition. That case is distinguishable because there, the Supreme Court specifically noted that the issue sought to be appealed was contested throughout the litigation. Here, by contrast, the antideficiency issue was raised by the debtor for the first time in this Court. Thus, even if this Court were to find the antideficiency issue to be closely related to the interest rate issue, that issue would not properly be before the Court on this appeal.

sufficient funds to pay the bargained-for amount, the creditor is entitled to the agreed-upon rate. Under any other result, the debtor would be permitted to retain value directly at the expense of the creditor. Ordinarily, bankruptcy laws and rules affect the rights of creditors in favor of or at the expense of other creditors by changing the rules that would prevail outside a bankruptcy court in order to more equitably allocate the values of the debtor amount the creditors. The alteration of a valid, binding, and legal contractual obligation, so that the debtor retains nonexempt property prior to the payment of its valid debts, is a legally startling and somewhat appalling result. Under this "legal rate" theory, the Bankruptcy Code effectively states that the statutory rate of interest is preferred to the rate of interest to which the parties have themselves agreed and that the difference should be retained by the debtor. There does not appear to be any substantial policy consideration that would sanction this result.

56 N.Y.U.L.Rev. at 1152 (footnotes omitted). In the absence of any authority to the contrary,[2] the Court finds the reasoning of the above-cited commentators persuasive and holds that where the debtor's estate proves solvent, a contract creditor is entitled to post-petition interest at the rate set forth in the contract. This rate is the "legal rate" for purposes of Section 726(a)(5).

■ As an alternate holding, the Court finds that where a claim in bankruptcy is based upon a contract which provides for a rate of interest, and where the bankrupt estate is solvent, the "legal rate" under Section 726(a)(5) is the applicable prejudgment rate for breach of contract actions under state law. There is some support for this position in the case law. *See In re Boyer*, 90 B.R. 200, 201 (Bankr.D.S.C.1988);

*In re Shaffer Furniture Co.*, 68 B.R. 827 (Bankr.E.D.Pa.1987).

■ Under California law, "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof" until superseded by a judgment. Cal.Civ. Code § 3289. Accordingly, FSLIC is entitled pursuant to Section 726(a)(5) and Cal. Civ.Code § 3289 to post-petition interest at the note rate of 15%.

FSLIC submitted a calculation of the amount of interest due and owing based upon a rate of 15%.[3] The Court finds that FSLIC is entitled to simple interest only.[4] Pursuant to FSLIC's calculation, FSLIC is entitled to $135,299.84 as of December 19, 1988 with interest to accrue thereafter at the rate of $32.47 per day until paid in full.

IT IS SO ORDERED.

---

2. Significantly, appellees failed to point to *any* authority in support of their position that the federal post-judgment rate should apply.

3. Appellees raised various objections to the issues which arose after the hearing on this appeal. However, they failed to raise their arguments in accordance with the post-hearing briefing schedule set by the Court at the hearing.

The Court need not consider any of the untimely arguments.

4. In its post-hearing papers, FSLIC acknowledged that the determination to award compounded interest or simple interest lies "within the Court's sound discretion."