**In re Kenneth Peter WILHELM, Debtor.**

**Bankruptcy No. 87–05470–C–11.**

United States Bankruptcy Court, W.D. Missouri, C.D.

June 7, 1989.

Norman W. Lampton, Columbia, Mo., for debtor.

Wally Bley, Sapp, Wood, Orr, Bley & Eng, Columbia, Mo., for Centerre Bank of Columbia.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

Kenneth P. Wilhelm, Debtor, filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on December 23, 1987. Debtor's business was commercial real estate brokerage. Before the Court are various objections raised by certain creditors of Debtor to his First Amended Combined Disclosure Statement and Plan of Reorganization filed on December 1, 1988. These creditors obtained a pre-petition judgment in Boone County Circuit Court (Case No. 85–418648) against debtor and a co-defendant. In its order dated August 4, 1988, this Court found the debt underlying said judgment to be nondischargeable. Debtor's Plan classifies the judgment as a Class 4 claim and proposes to satisfy the same by the paying the Class 4 creditors 50% of the judgment.

The primary focus of the instant dispute is a wage claim of creditor Michael Pattrin for $10,443.00. Said wages were earned within 90 days before the filing of Debtor's petition. Debtor's Plan treats this debt an unsecured priority wage claim which is to be reduced by $2,700.00 ($3,200.00 less a $500.00 exemption) through the transfer to Pattrin of a motor vehicle. The remainder of the claim is to be paid in cash from liquidation proceeds. Pattrin's claim is classified as a Class 2 claim under the Plan.

The Class 4 creditors' principal objections to confirmation of Debtor's Plan are twofold. The first objection challenges the Plan's treatment of Pattrin's priority wage claim. Because 11 U.S.C. § 507(a)(3) limits the priority of such claims to $2,000.00, the creditors argue that Pattrin's receipt of $2,700.00 of value in in-kind property causes him to wrongfully receive $700.00

of value that would otherwise be available for distribution to unsecured creditors. The second objection asserts that Debtor's Plan is nonconfirmable under 11 U.S.C. § 1129(a)(11) because it is a "bare bones" plan which is likely to be followed by liquidation or the need for further reorganization. Debtor seeks confirmation of his Plan over the objections of the Class 4 creditors under the "cram down" provisions of 11 U.S.C. § 1129(b). Debtor argues that a cram down is appropriate in this case because an impaired creditor, Pattrin, has accepted the Plan, and because the Plan does not discriminate unfairly and is fair and equitable with respect to the impaired and nonaccepting Class 4 creditors.

### QUESTIONS PRESENTED

1. Whether Debtor's Plan fails to meet the confirmation requirements of 11 U.S.C. § 1129 due to its treatment of Pattrin's wage claim.

2. Whether confirmation of Debtor's Plan is likely to be followed by liquidation or the need for further financial reorganization.

### DISCUSSION

I. *Confirmation Under § 1129*

In an attempt to win confirmation of the Plan over the objections of the Class 4 creditors, Debtor seeks the Court's authorization of a cram down under § 1129(b). Section 1129(b) provides that if a plan meets all of the applicable requirements of § 1129(a), excluding subsection .8, the Court, upon the plan proponent's request, shall confirm the plan if it does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the plan.

▪ A preliminary matter that curiously is the subject of Debtor's counsel's brief, and which the Court is obliged to address, concerns Debtor's compliance with the cram down prerequisite of § 1129(a)(10). Section 1129(a)(10) provides that if a class of claims is impaired under the plan, at least one class impaired under the plan must have accepted the plan. Although Debtor's counsel does not correctly state the law (and *Collier's* treatise in the process) in his brief as to what constitutes an impaired claim, his ultimate assertion is correct that Pattrin's claim is impaired under the plan. To maximize creditor participation in the confirmation process, the Code broadly defines the term "impairment" under 11 U.S.C. § 1124. *In re Elijah*, 41 B.R. 348, 351 (Bankr.W.D.Mo.1984). The provisions of § 1124, in fact, carve out three narrow exceptions under which claims are considered *un*impaired, thereby deeming all others impaired and entitled to vote on the plan. Thus, even the slightest impairment will entitle a creditor to vote on confirmation. *In re American Solar King Corp.*, 90 B.R. 808, 819 (Bankr.W.D.Tex. 1988). Relevant to this dispute is the first of these exceptions, stated in § 1124(1), under which a claim is considered unimpaired if the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder or such claim or interest." Under Pattrin's co-brokerage agreement with Debtor, Pattrin was to receive an agreed upon commission at the close of each real estate transaction. Unless specified or agreed to otherwise, the customary expectation with respect to wages and commissions earned for services rendered is that they will be paid in cash, i.e. by check or similar demand draft instrument. The proposal in Debtor's Plan to satisfy part of Pattrin's wage claim through the transfer of a motor vehicle alters, at a minimum, the contractual rights to which Pattrin is entitled under his claim. While Debtor's Plan accords priority to this claim, such status does not insulate the claim from being impaired within the meaning of § 1124. Debtor's Plan thus meets the requirement of § 1129(a)(10) since Pattrin's claim is impaired and the class to which it belongs has accepted the Plan.

▪ The Class 4 creditors' primary objection to confirmation of Debtor's Plan is that Pattrin's receipt of the motor vehicle will cause him to unjustly receive $700.00

of in-kind property, which sum would otherwise be available for distribution to the general unsecured creditors. As a result of such unfair discrimination, these creditors complain that they will not receive or retain property of a value that is not less than the amount that they would receive or retain if Debtor were liquidated under Chapter 7. Guidance for resolving the issue of unfair discrimination is found in the language of § 1129(b)(1). This section requires the Court to compare the treatment accorded the various classes of claims. Specifically, the Court looks to determine whether the Plan segregates two similar claims or groups of claims into separate classes and proposes disparate treatment for those classes. *See e.g., Matter of Johns–Manville Corp.*, 68 B.R. 618, 636 (Bankr.S.D.N.Y.1986). The Court concludes from its inquiry under the facts of this case that Debtor's Plan does unfairly discriminate against the Class 4 creditors in violation of § 1129(b)(1).

Section 507(a)(3) of the Code grants a third priority to allowed unsecured claims for wages, salaries, or commissions earned by an individual within 90 days of the filing of a debtor's petition, not to exceed $2,000.00 for each individual. Pattrin clearly qualifies for such a priority claim, but only to the extent of $2,000.00. The balance of his claim is nonpriority unsecured. *In re N & T Associates, Inc.*, 78 B.R. 285, 288 (Bankr.D.Nevada 1987). The Court finds that the Plan's treatment of Pattrin's claim thus unfairly discriminates against the Class 4 creditors for two reasons. First, because the balance of Pattrin's claim is rendered unsecured nonpriority by operation of § 507(a)(3), it is similarly situated with respect to the claims of the Class 4 creditors. The Court can discern no valid basis for maintaining the separate classification for these two forms of unsecured claims. In an analogous context, the Eighth Circuit noted that the distinction between unsecured claims and the undersecured portions of claims, which are deemed unsecured pursuant to § 506(a), does not warrant separate classification. *In re Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1313 (8th Cir.1987). The blanket priority accorded to Pattrin's

claim under the Plan, therefore, creates *a fortiori* an unwarranted and unfair distinction between his nonpriority unsecured claim and those of the Class 4 creditors.

Second, the proposed treatment of Pattrin's claim is also unfairly discriminatory because, in essence, Debtor has obtained this impaired class' acceptance of the Plan by overpaying it, all at the expense of the general unsecured creditors. This aspect of the discriminatory treatment also translates into a violation of § 1129(a)(7) which requires that creditors receive as much under a Chapter 11 reorganization as they would receive under a Chapter 7 liquidation. If Debtor was liquidated, the sale of the vehicle, which the Plan proposes to transfer to Pattrin, would yield an additional $700.00 for distribution to the unsecured Class 4 creditors that the proposed Plan does not make available to them. Debtor's Plan is further violative of § 1129(a)(7) because it proposes to pay the Class 4 creditors only 50% of their claims. The Court finds nothing in the Circuit Court judgment underlying these claims to suggest that Debtor would be obligated to pay anything less than the full amount of this judgment. Consequently, since the Class 4 creditors would receive full payment of their allowed claims if this were a Chapter 7 liquidation, they are entitled to full payment under Debtor's Chapter 11 Plan. *In re Boyer*, 90 B.R. 200, 201 (Bankr.D.S.C.1988).

II. *Feasibility of Debtor's Proposed Reorganization*

The Class 4 creditors have further challenged Debtor's Plan stating that they are not satisfied that it is a Plan that will permit a successful reorganization. They ask that Debtor amend his Plan to "reflect a realistic approach to liquidation of his debts and a one hundred percent payout of the class 4 claims." These bare allegations and expressed wishes do not afford the Court with sufficient information upon which to make a determination as to the feasibility of Debtor's reorganization. In any event, Debtor's Plan is not confirmable and will require various amendments consistent with this Opinion. If the feasibility of Debtor's further amended Plan is still problematic for the creditors, they are free

to again challenge it but preferably with greater specificity.

## CONCLUSION

The wage claim of Mr. Pattrin is an impaired claim under Debtor's Plan within the meaning of § 1124. Debtor's Plan unfairly discriminates against the Class 4 creditors given that it (1) improperly accords priority to the unsecured nonpriority portion of Pattrin's wage claim, thereby making an unwarranted distinction between this claim and the group of claims held by the Class 4 creditors; and (2) transfers to Pattrin $700.00 of value in in-kind property that would otherwise be available for distribution to the unsecured Class 4 creditors. This latter form of discrimination, together with the fact that the Plan proposes to pay the Class 4 creditors only 50% of their claims, also violates § 1129(a)(7). If Debtor were in a Chapter 7 liquidation rather than a Chapter 11 reorganization, $700.00 more in value would be available for distribution to the Class 4 creditors. Said creditors would also receive payment in full for their claims rather than 50% as proposed under Debtors' Plan. For the foregoing reasons, the Court DENIES confirmation of Debtor's Plan.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.