In re Billy BECK, SSN 446–18–3619, Marguerite Beck, SSN 441–26–6445, Debtors.

Bankruptcy No. 87–70377.

United States Bankruptcy Court, E.D. Oklahoma.

June 27, 1991.

William E. Rutledge, Tulsa, Okl., trustee.

Robert Inglish, Okmulgee, Okl., for debtors.

John M. Sharp, Tulsa, Okl., for Okl. Nat. Gas Co.

John D. Russell, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S. I.R.S.

## ORDER

JAMES E. RYAN, Chief Judge.

On May 8, 1991, this Court conducted a hearing with regard to the Motion for Order Approving Payment of Interest Upon Claims and Supplemental Trustee Fee filed March 29, 1991 by William E. Rutledge, Chapter 7 Trustee (Docket Entry No. 63) with Objection thereto filed April 11, 1991 by the Debtors herein (Docket Entry No. 66) and a Response to the Objection filed April 26, 1991 by Oklahoma Natural Gas Company (Docket Entry No. 68). At the conclusion of the hearing, this Court solicited Memoranda of Law from the affected parties. In response, this Court received Memoranda from the Chapter 7 Trustee (Docket Entry No. 70), the Debtors (Docket Entry No. 73), Oklahoma Natural Gas Company (Docket Entry No. 72) and the United States of America, ex rel., Internal Revenue Service (Docket Entry No. 71).

Based upon the authorities set forth in the Memoranda submitted and the applicable law, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

As reflected on the record at the hearing conducted on the Trustee's Motion, the following issues are presented to the Court for resolution:

(a) the "legal rate" of interest which may be paid on claims pursuant to 11 U.S.C. § 726(a)(5);

(b) whether administrative claims are entitled to interest;

(c) the rate of interest to which the Internal Revenue Service is entitled on its claim.

## FINDINGS OF FACT

1. On April 2, 1987, the Debtors' bankruptcy case was commenced by the filing of a Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. On March 10, 1988, the case was converted to one under Chapter 7 and a Trustee was appointed to administer the estate. Thereafter, the case was closed after the Trustee reported that no assets were available for distribution to creditors.

On February 9, 1989, this case was reopened for the purpose of administering certain assets stemming from the successful recovery by the Debtors of proceeds from a personal injury lawsuit, said proceeds representing property of the estate. The Trustee was reappointed for the purpose of administering these assets.

2. On October 22, 1990, the Trustee filed a Final Account proposing a distribution to creditors. The Trustee reported that sufficient assets existed to pay the claims of all creditors filing a timely proof of claim, as well as to pay interest on those claims. As a result, the Trustee reserved the legal determination of the proper rate of interest on claims and the Trustee's fee on any such distributions toward interest. Said Final Account was approved by Order entered December 20, 1990 and an appropriate Order of Distribution was entered on January 7, 1991.

3. The Debtors contend that under the general provisions of the Bankruptcy Code, the creditors are not entitled to interest on their claims and that the equities of this case dictate that recovery of interest is not justified since the money was obtained through the efforts of the Debtors post-Petition.

The Trustee, as well as the creditors, asserts that such interest is appropriate and recognized under the Bankruptcy Code and should be deducted from the proceeds in the Trustee's possession, prior to any distribution to the Debtors.

## CONCLUSIONS OF LAW

A. The payment of interest on claims is certainly recognized in the Bankruptcy Code at 11 U.S.C. § 726(a), which sets forth as a fifth priority in distribution of property of the estate "... payment of interest at the legal rate from the date of the filing of the petition, on any claim paid

under paragraph (1), (2), (3) or (4) of this subsection." These enumerated paragraphs include: (1) payments on claims of the kind and in the priority established at § 507 of the Bankruptcy Code; (2) payment of allowed unsecured claims which are timely filed; (3) payment of unsecured claims which are tardily filed; and (4) payments for fines, penalties or punitive damages.

We specifically reject the smattering of cases which exist that stand for the proposition that post-Petition interest can never be paid on claims based upon the provision of 11 U.S.C. § 502 which sets forth that

"the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

... (2) such claim is for unmatured interest."

Clearly, § 726(a)(5) recognizes that the debtor should not be permitted to enjoy any surplus realized from the bankruptcy estate "at the expense of the intended primary beneficiaries of the bankruptcy process, the debtor's creditors. Equity thus mandates that the debtor first pay his creditors for this delay cost out of this fund, before receiving the balance." *In re Laymon*, 117 B.R. 856, 860 (Bankr.W.D.Texas 1990) citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 352 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1947) (remainder of citations omitted). This is based primarily on the principal that the bankruptcy case itself which was initiated by the debtor is sufficient delay to justify the payment of interest on claims before the debtor realizes any fruits from the surplus.

B. To a large extent, the issues presented in this case boil down to the interpretation of the statutory language entitling a creditor to "interest at the legal rate." A dearth of case law exists which interprets this language of § 726(a)(5). That case law which does address the issue ranges from allowing interest at the federal judgment rate to allowing interest at the contract rate reflected in any agreement between the debtor and a creditor. See *In re Laymon*, supra at p. 862 and *In re A & L Properties*, 96 B.R. 287, 289–90 (Bankr.C. D.Ca.1988).

■ We define the "legal rate" to be that rate of interest to which a creditor would have been entitled through any appropriate legal proceeding had the bankruptcy Petition never been filed. That is to say, that if a contract existed between the parties pre-Petition or post-Petition which established a rate of interest on any unpaid but payable amount, the rate established in the contract shall be applied. Should a specific statute establish a specialized rate of interest for a particular creditor, that rate will likewise be applied on any claim for post-Petition interest. Any general unsecured claims without the benefit of a specified rate of interest either by statute or by written contract should be paid pursuant to the federal judgment rate established by 28 U.S.C. § 1961 as the rate of interest of the average yield of the 52 week United States Treasury Bills at auction immediately preceding entry of judgment or, in this case, the filing of the bankruptcy Petition absent judgment.

The scale balancing the equities in this matter is overwhelmingly tilted toward restoring the creditor to as near a position as the creditor would have occupied absent bankruptcy before benefitting the Debtors with surplus funds. The Debtors have received the ultimate benefit of a Discharge through bankruptcy and should not be permitted to overextend the "fresh start" concept to unrecognizable bounds.

■ C. Interest on administrative claims is clearly recognized and permitted by § 726(a)(5) since claims of the kind specified at § 507 are entitled to interest and administrative claims are included in § 507.

■ D. In the case at bar, the Internal Revenue Service is benefitted by a specific statute at 26 U.S.C. § 6621(a)(2) which establishes the rate as the federal short term rate determined pursuant to subsection (b) of § 6621 plus 3 percentage points. This

574

would appear to be the appropriate rate under the standard established by this Court for the claims of the Internal Revenue Service, including for the calculation of interest upon interest which has yet to be paid. This would include interest until the date of full payment on February 8, 1991 by the Trustee, as well as interest on the interest due the claim.

■ With regard to the claim of Oklahoma Natural Gas Company, that creditor also has the benefit of a statute under state law which establishes a rate of interest of 18 percent per annum as established by the Oklahoma Corporation Commission.

Finally, the remainder of the unsecured claims should be paid pursuant to the federal judgment rate as previously set forth herein and established pursuant to 28 U.S.C. § 1961.

■ E. Since this Court has been provided with insufficient information to establish the specific dollar amount to which each creditor is entitled pursuant to its claim for interest, we shall relegate this determination to the Trustee under the guidelines set forth herein. Additionally, a date must be established for the accrual of interest to cease so as to make the Trustee's calculation static. As a result, we find that the calculation of the various claims for interest on principal amounts until the date of distribution shall be permitted and interest on interest shall accrue until March 29, 1991, the date of the filing of the Motion by the Trustee, for this Court to determine the appropriate rate of interest on each claim. By establishing this date as the cut-off point for interest on interest accrual, the Debtors will not be unnecessarily penalized for any delay caused by the briefing of this issue or the time taken by the Court to enter an Order.

We find unpersuasive the Debtors' argument that the Trustee's inaction resulted in interest accruing unnecessarily. Such is the necessary price the Debtors must pay for administration in consideration for the Discharge obtained.

IT IS THEREFORE ORDERED that the Trustee's Motion for Order Approving Pay-ment of Interest Upon Claims and Supplemental Trustee Fee filed March 29, 1991 (Docket Entry No. 63) is hereby granted. The specific rates of interest shall be applied by the Trustee as set forth hereinabove.

IT IS FURTHER ORDERED that the Trustee file a Supplement to the Final Account which sets forth the interest claim to be paid for each creditor, the supplemental trustee fee on such a distribution and the remaining surplus which will be distributed to the Debtors no later than July 12, 1991.