**In re Michael M. BEST, Colleen Best, Debtors.**

No. 00–34875(1)7.

United States Bankruptcy Court, W.D. Kentucky.

April 3, 2007.

David M. Cantor, Seiller Waterman LLC, Louisville, KY, Robert P. Hamilton, New Albany, IN, for Debtors.

### MEMORANDUM–OPINION

JOAN A. LLOYD, Bankruptcy Judge.

This matter came before the Court on the Motion to Disallow, In Part, Claim of

Anthony G. Steier of Trustee, J. Baxter Schilling ("Trustee"). The Court considered the written submissions of the Trustee, creditor Anthony Steier ("Steier"), creditor National City Bank ("NCB") and the comments of counsel at the hearing held on the matter. For the following reasons, the Court **GRANTS** the Trustee's Motion.

### PROCEDURAL BACKGROUND

Debtors Michael and Colleen Best ("Debtors") filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on or about October 6, 2000.

On or about January 16, 2001, Steier filed a Proof of Claim in the amount of $196,110.49 on an unsecured claim arising from a Judgment obtained against the Debtors in Jefferson Circuit Court. Steier amended this Proof of Claim on April 1, 2005 claiming he was owed $246,688, an amount which included post-petition interest.

On or about November 3, 2006, the Trustee filed his Motion to Disallow, In Part, Claim of Anthony Steier. The Trustee seeks an order disallowing, in part, Steier's claim for post-petition interest. The Trustee contends that should there be sufficient funds in the estate to pay post-petition interest under 11 U.S.C. § 726(a)(5), the amount of interest is limited to the federal interest rate under 28 U.S.C. § 1961(a) as of the date of the filing of the Petition, 6.241%.

Steier, however, contends that he is entitled to 12% interest on his claim which represents the amount awarded to him by the state court in its Judgment. Steier further contends that the Debtors' largest unsecured creditor, NCB, is not entitled to any interest on its claim and that other unsecured creditors are entitled to interest at 6.241%, and if there are insufficient funds to pay interest, then interest should be calculated on a pro rata basis.

### LEGAL ANALYSIS

This case presents a rare situation where a Chapter 7 estate has funds in excess of allowable claims. The general rule in bankruptcy is that unsecured creditors are not entitled to post-petition interest on their allowable claims. 11 U.S.C. § 502(b)(2). An exception to this rule is found in 11 U.S.C. § 726(a)(5) which provides for the payment of claims upon liquidation "interest at the legal rate from the date of the filing of the petition," on any claim paid under paragraphs 1 through 4 of this subsection of the statute. 11 U.S.C. 726(a)(5).

As case law in this area has evolved, three scenarios have developed on the exception to payment of post-petition interest. Post-petition interest may be allowed (1) where the alleged bankrupt proves solvent; (2) when the "collateral produces income after filing of the petition"; and (3) where the collateral "is sufficient to pay interest as well as the principal of the claim." *In re Kentucky Lumber Co.*, 860 F.2d 674, 677 (6th Cir.1988), quoting *Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1330 (9th Cir.1982). These are not hard and fast rules, but are flexible and their use must be guided by a balance of equities between creditor and creditor or between creditors and the debtor. *Id.*

The issue before the Court is not whether Steier is entitled to post-petition interest, but rather what is the "legal rate" as prescribed by 11 U.S.C. § 726(a)(5).[1]

---

1. The analysis of this case applies only after a determination is made on allowable unsecured claims and that excess funds exist after payment of all administrative and unsecured claims. These criteria must first be met before payment of any post-petition interest on unsecured claims is authorized.

After analyzing the authority, the Court finds that for purposes of this case the better reasoned authority, which also is the bulk of authority from this Circuit, interprets the term to mean the federal judgment interest rate at the date the petition is filed.

There is a split of authority regarding the meaning of the term "legal rate" under 11 U.S.C. § 726(a)(5). Some courts hold that "legal rate" is the specific statutory rate established under state law, as specified in a state court judgment or a security agreement or contract. *See, e.g., In re Beck,* 128 B.R. 571 (Bankr.E.D.Okla.1991); *Matter of Greensboro Lumber Co.,* 183 B.R. 316, 320 (Bankr.N.D.Ga.1995); *In re Anderson,* 69 B.R. 105 (9th Cir. BAP 1986); *Matter of Terry Ltd. Partnership,* 27 F.3d 241 (7th Cir.1994); *In re Carter,* 220 B.R. 411 (Bankr.D.N.M.1998) and cases cited therein. These cases reason that the rate should be whatever the creditor would be entitled to had the petition never been filed. Such a rule also prevents a windfall to the debtor where the state judgment rate or contract rate is higher than the federal judgment rate.

The more recent cases hold that the federal judgment rate is the proper rate of interest under 11 U.S.C. § 726(a)(5). *See, e.g., In re Cardelucci,* 285 F.3d 1231 (9th Cir.2002); *In re Country Manor of Kenton,* 254 B.R. 179 (Bankr.N.D.Ohio 2000); *In re Dow Corning Corp.,* 237 B.R. 380 (Bankr.E.D.Mich.1999); *In re Godsey,* 134 B.R. 865 (Bankr.M.D.Tenn.1991); *In re Beguelin,* 220 B.R. 94, 99–101 (9th Cir. BAP 1998). *See also,* 6 King, et al., *Collier on Bankruptcy* ¶ 726.02[5] (15th ed.2006). These cases conclude that use of the federal judgment rate promotes equality, fairness and predictability in the distribution of interest on creditors' claims.

Statutory construction also supports the use of the federal judgment rate. Use by Congress of the specific phrase "at the legal rate" supports the finding of use of a single source to calculate post-petition interest. *See, Cardelucci,* 285 F.3d at 1234. Use of the federal judgement rate also promotes uniformity within federal law because once a petition is filed, federal law determines a creditors' rights, not state law. *Id.*

This Court agrees with the analysis used by those courts adopting use of the federal judgment rate in cases such as the one at bar. The Court in *Beguelin* succinctly stated the reasoning as follows:

> Use of the federal judgment rate for all creditors in a case provides bankruptcy trustees with an efficient and inexpensive means of calculating the amount of interest to be paid to each creditor. It is not hard to imagine the administrative nightmare that bankruptcy trustees would otherwise face if they were required to calculate a different interest rate, based on a different source of interest rate for each creditor …. the burden of requiring a trustee to apply different rates of interest according to the rate provided under contract is a compelling reason not to have to rely on various state legal interest rates. The logistical difficulties and expense involved in doing so would be particularly burdensome in those cases that involve a large number of creditors from multiple jurisdictions.

*Beguelin,* 220 B.R. at 101. Steier's proposal of using a three or four tier approach to paying post-petition interest in this case is simply unworkable and would lead to disparate treatment of similarly situated creditors.

This Court recognizes the reasoning used by those courts adopting the state court judgment rate. There could be circumstances where a mechanical application of the federal judgment interest rate would result in a windfall for some solvent

debtor. This will not occur in this case. As the Sixth Circuit noted, in *In re Kentucky Lumber Company*, the touchstone of each decision on allowance of interest in bankruptcy must be a balance of equities between creditor and creditor or between creditors and the debtor. Therefore, the holding herein is limited to the specific facts presented here.

Finally, Steier contends that NCB is not entitled to any interest on its unsecured claim citing *Liberty Nat'l Bank & Trust Co. v. George*, 70 B.R. 312 (W.D.Ky.1987). That case is distinguishable from this case as *George* involved an oversecured creditor not an unsecured creditor. Further, Section 726 does not apply directly to Chapter 11 cases, such as the scenario presented in *George*. *In re Kentucky Lumber Co.*, 860 F.2d at 678. The *George* case simply does not apply to the facts at bar.

In the event that excess funds exist in this case after payment in full of all administrative and unsecured claims, the Trustee will calculate interest on all allowed unsecured claims at the federal judgment rate of interest 6.241% per annum from the date the Petition was filed. If there are insufficient funds to pay those post-petition interest claims in full, the Trustee shall pay unsecured creditors a pro rata share of interest.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Disallow, In Part, Claim of Anthony G. Steier of Trustee, J. Baxter Schilling, be and hereby is **GRANTED.**